968 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emma DOUTHIT, Plaintiff-Appellant,
v.
THE KEEBLER COMPANY, Defendant-Appellee,
Local 253 BC & T, Defendant.
 No. 91-3800.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1992.
 
 Before MILBURN and SILER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Ohio plaintiff appeals the district court's summary judgment dismissing her civil rights complaint filed under Title VII and 42 U.S.C. § 1981. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Emma Douthit, a black woman, was discharged after fourteen years employment with defendant, the Keebler Company. Douthit was discharged following a fight with another employee and in light of a poor disciplinary record. Douthit alleged, however, that the discharge was the result of discrimination and that a similarly situated white employee was not discharged.
 
 
 3
 Upon review, we conclude that summary judgment was proper. See Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 Material facts are not in dispute. Immediately prior to her discharge, Douthit was involved in an altercation with another employee. Douthit was discharged and the matter was referred to union arbitration pursuant to grievance procedures. The arbitrator determined that the discharge was for cause and denied the grievance.
 
 
 5
 As a result of a prior incident (not involving Douthit), a white male employee was also discharged for fighting. The arbitrator in his case granted the grievance and recommended, in light of the employee's twenty-three years seniority and despite a poor disciplinary record, that he be reinstated.
 
 
 6
 In all, the defendant has discharged three employees for fighting. Douthit is the only employee who was not reinstated, but reinstatement was effected not by the employer but by an impartial arbitrator.
 
 
 7
 Defendant is entitled to judgment as a matter of law because Douthit failed to meet her ultimate burden of proving that she was the victim of intentional discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). Douthit has the initial burden of showing the employer took an adverse action against her under circumstances giving rise to an inference of unlawful discrimination. See Galbraith v. Northern Telecom, Inc., 944 F.2d 275, 279 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992). The employer may overcome a prima facie showing of discrimination by articulating a legitimate nondiscriminatory reason for its action. Burdine, 450 U.S. at 253. The plaintiff however has the ultimate burden of proving that the reasons offered by the defendant were pretextual and that she was indeed the victim of unlawful discrimination. Id.
 
 
 8
 Douthit failed to make a prima facie showing of discrimination. Moreover, even had she met her initial burden, she failed to present evidence that the reason given by defendant for her discharge was pretextual. See Burdine, 450 U.S. at 254-56.
 
 
 9
 Defendant is also entitled to judgment on Douthit's claim of discriminatory treatment under 42 U.S.C. § 1981 because the alleged discriminatory conduct did not arise during the formation of the employment contract. See Patterson v. McLean Credit Union, 491 U.S. 164, 180 (1989). Section 1981 does not reach claims of discriminatory discharge. Prather v. Dayton Power & Light Co., 918 F.2d 1255, 1258 (6th Cir.1990), cert. denied, 111 S.Ct. 2889 (1991). Douthit may not seek relief under the Civil Rights Act of 1991 because application of the Act is not retroactive. See Vogel v. City of Cincinnati, 959 F.2d 594, 598 (6th Cir.1992).
 
 
 10
 Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.